## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| KHALIL-ULLAH ABDUL al-MUHAYMIN, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 1:19-cv-3553-JRS-TAB |
| v. | ) ) |
| KAREN MITCHELL, CAMILLE MITCHELL, KELLY JULBERT, LENA HEFFNER, GRANDVILLE BOARD OF DIRECTORS, AND KIRKPATRICK MANAGEMENT COMPANY, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT

I.   COMPLAINT

1. This is a civil action brought by the Plaintiff for declaratory, and injunctive relief, monetary damages and civil penalties against the Defendants, under the Fair Housing Act. Title VIII of the Civil Rights Act of 1968, as amended ("FHA"), 42 U.S.C. 3601 et seq. and 42 U.S.C. 1983, 1985.

RESPONSE: Defendants deny liability and damages and admit only that Plaintiff purports to have filed this action pursuant to the referenced statutory authority. Defendants deny any remaining or inconsistent allegations.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1345, and 42 U.S.C. 3614(a) and 42 U.S.C. 1983, 1985.

RESPONSE: Defendants deny liability and damages and, without waiver of any affirmative defenses asserted below, do not dispute the Court's subject matter jurisdiction at this time. Defendants deny any remaining or inconsistent allegations.

3. Venue is proper under 28 U.S.C. 1391 the claims alleged herein arose in the Southern Indiana [sic] where all parties reside.

RESPONSE: Defendants deny liability and damages and do not dispute venue at this time. Defendants are without knowledge or information sufficient to admit or deny whether "all parties" reside "in the Southern Indiana" and deny same. Defendants deny any remaining or inconsistent allegations.

## III.     PARTIES

4. Khalil-Ullah Abdul al-Muhaymin, is Plaintiff in this action and all times relevant to this action was a African American practicing Muslim, at 2618 Bethel Avenue, Indianapolis, IN 46203.

RESPONSE: Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and deny same.

5. Karen Mitchell, is Defendant in this action and at all times relevant to this action was the President and Chief Executive Officer of the Defendant Grandville Cooperative, Inc., Board of Directors, at 3520 Calhoun Street, Indianapolis, IN 46203

RESPONSE: Defendants admit only that Karen Mitchell was president of the Board of Directors of Grandville Cooperative, Inc., which is located at 3520 Calhoun Street, Indianapolis, IN 46203, and deny all remaining or inconsistent allegations.

6. Camille Mitchell, is Defendant in this action and at all times relevant to this action was the Property Manager of Grandville Cooperative, Inc., at 3520 Calhoun Street, Indianapolis, IN 46203.

RESPONSE: Defendants admit only that Camille Mitchell was Property Manager for Grandville Cooperative, Inc., which his located at 3520 Calhoun Street, Indianapolis, IN 46203, and deny all remaining or inconsistent allegations.

7. Kelly Julbert, is Defendant in this action and at all times relevant to this action was an employee off Kirkpatrick Management Company, Inc., charged with the responsibility to coordinate compliance with the nondiscrimination requirements contained in the Department of Housing and Urban Developments implementing Section 504 (24 CFR part 8 dated June 2, 1988, at 5702 Kirkpatrick Way, Indianapolis, IN 46203

RESPONSE: Defendants state that no response is required to this allegation to the extent it incorporate a legal conclusion as to the scope of an individual's responsibility under the cited authority, but to the extent a response is required, Defendants admit only that Kelly Julbert was an employee of Kirkpatrick Management Company, Inc., and served as the company's Section 504 Coordinator, and that Kirkpatrick Management Company, Inc. is located at 4702 Kirkpatrick Way, Indianapolis, IN 46203, and Defendants deny any remaining or inconsistent allegations.

8. Lena Heffner, is Defendant in this action at all times relevant to this action was leasing agent for Grandville Cooperative, Inc, at 3520 Calhoun Street, Indianapolis, IN 46204

RESPONSE:  Defendants admit only that Lena Heffner was a leasing agent for Grandville Cooperative, Inc., which is located at 3520 Calhoun Street, Indianapolis, IN 46204, and deny any remaining or inconsistent allegations.

9. Grandville Board of Directors, is Defendant in this action and at all times relevant to this action was a decision maker including for Grandville Cooperative, Inc., affairs at 3520 Calhoun, Indianapolis, IN 46203

RESPONSE:  Defendants aver that the Grandville Board of Directors as the governing body of Grandville Cooperative Inc. approves a Membership Selection Plan utilized by Kirkpatrick Management, Inc. in making initial decisions, and that the Board of Directors considers appeals of Kirkpatrick decisions under certain circumstances, admits that Grandville Cooperative, Inc. is located at 3520 Calhoun Street, Indianapolis, IN 46204, and denies any remaining or inconsistent allegations.

10. Kirkpatrick Management Company, Inc., is Defendant in this action and at all times relevant to this action was a decision maker including but not limited to application appeals 5702 Kirkpatrick Way, Indianapolis, IN 46220.

RESPONSE:  Defendants aver that Kirkpatrick Management Company, Inc. makes an initial determination of whether applications meet criteria established by Grandville and denies any remaining or inconsistent allegations.

## IV.   FACTUAL ALLEGATIONS

11. On or about August 1, 2017, Plaintiff received a telephone call from Defendant Camille Mitchell requesting his presents [sic] at the Defendants office.

RESPONSE:  Defendants are without knowledge or information sufficient to admit or deny the allegations and deny same.

12. Once Plaintiff arrived at he [sic] Defendant's office Defendant Camille Mitchell gave Plaintiff a membership application to fill out after receiving an application fee of $25.00 dollars from Plaintiff for a Credit/Report fee.

RESPONSE: Defendants aver that Plaintiff completed a membership application on September 11, 2015, and paid the $20.00 application fee at that time, and that Plaintiff added an individual to his application in or about August 2017, and that individual paid a $25.00 application fee then in effect, and deny any remaining or inconsistent allegations.

13. Plaintiff had been on Defendant's waiting list for approximately two (2) years before Plaintiff name reached the top of that list.

RESPONSE: Defendants aver that Plaintiff had been on Defendant's waiting list for Section 8 housing between September 11, 2015, and August 2017, and deny any remaining or inconsistent allegations.

14. Some of Defendants family and friends did not have to get on a waiting list they were given special treatment while non friends were discriminated against in various ways.

RESPONSE: Defendants deny any special treatment or discrimination and deny that any applicants for Section 8 housing were not required to go on a waiting list. Defendants are without knowledge or information sufficient to admit or deny whether Plaintiff had family or friends who sought other categories of housing who were not required to go on a waiting list, and deny same. Defendants deny any remaining or inconsistent allegations.

15. On or about August 15, 2017, Plaintiff received a rejection letter from Defendant Grandville Cooperative, Inc., signed by Defendant Heffner.

RESPONSE: Defendants aver that on or about August 15, 2017, Lena Heffner signed an application rejection letter addressed to Plaintiff at 1905 Churchman Ave., Indianapolis, IN

46203, which letter speaks for itself, and Defendants are without knowledge or information sufficient to admit or deny any remaining allegations, and deny same.

16. On or about August 24, 2017, Plaintiff sent a letter of appeal via first class mail return receipt requested to which Defendant Camille Mitchell signed for on August 28, 2017.

RESPONSE: Defendants aver that Grandville received an appeal letter from Plaintiff on August 28, 2017, which letter speaks for itself, and Defendants are without knowledge or information sufficient to admit or deny any remaining allegations, and deny same.

17. Plaintiff's letter sought a meeting/hearing with Defendants to reverse their arbitrary and capricious decision rejecting Plaintiff's application for a rental property in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("FHA") 42 U.S.C. 3601 et seq and 42 U.S.C. 1983, 1985.

RESPONSE: Defendants admit only that Plaintiff sought an appeal of the rejection of his housing application, deny any arbitrary or capricious decision or violation of authority cited, and deny all remaining or inconsistent allegations.

18. Plaintiffs appeal letter received by the Defendant's August 28, 2017 was not answered by the Defendant Camille Mitchell until September 27, 2017, well outside the time limits HUD requires for an appellant to receive a final decision which is (5) five business days of the meeting.

RESPONSE: Defendants admit that Plaintiff's appeal letter was received by Grandville on August 28, 2017, and admit that a decision letter on Plaintiff's application appeal request was issued on September 27, 2017, and was signed by Camille Mitchell, but deny the decision was provided outside any time limits established by HUD, and deny any remaining or inconsistent allegations.

19. Defendant's did not have the required meeting with Plaintiff instead they arbitrarily and capriciously decided Plaintiffs appeal without a hearing or meeting and used discriminatory criteria to aid their decision to deny Plaintiff housing based upon Plaintiff's religion and his being a Muslim.

RESPONSE: Denied.

20. Defendants conspired through their collective actions and omissions with each other to violate Plaintiff's Constitutional rights.

RESPONSE: Denied.

21. On or about October 10, 2017, Plaintiff drafted correspondence to Defendants Camille Mitchell and Kelly Julbert in response to the decision letter dated September 27, 2017, alleging discrimination based on Plaintiff's age, race, and religion.

RESPONSE: Defendants aver that on October 16, 2017, Grandville received a letter from Plaintiff dated October 17, 2017, addressed to Camille Mitchell and Kelly Julbert Re: Applicant's Response to Decision Letter, which letter alleged in part that the decision of Grandville and Kirkpatrick was discriminatory based on "applicants [sic] age, race, and religion." Defendants deny the allegations in Plaintiff's letter and any remaining or inconsistent allegations in Paragraph 21 of Plaintiff's Complaint.

22. On information and belief Defendant's stated that they would never let Khalil that old black Muslim move into Grandville Cooperative, Inc.

RESPONSE: Denied.

23. Plaintiff has never received a reply to his October 10, 2017 correspondence.

RESPONSE:  Defendants aver that Grandville responded to Plaintiff in a letter dated December 7, 2017, which letter speaks for itself, and are without knowledge or information sufficient to admit or deny any remaining or inconsistent allegations and deny same.

## V.   FAIR HOUSING ACT

24. Paragraphs 1-23 are hereby re-alleged and incorporated by reference.  The Defendants conduct described above constitutes:

RESPONSE:  Defendants incorporate by reference their responses to Paragraphs 1-23 as if stated fully herein, and deny any remaining and inconsistent allegations.

25. Through actions including those described above has (1) denied or otherwise made dwelling unavailable because of religious discrimination in violation of 42 U.S.C. 3601 et seq., 42 U.S.C. 1983, 1985.

   a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act under 42 U.S.C. 3601 et seq.

   b. A denial to a group of persons rights granted by the Fair Housing Act that raises an issue of general public importance under 42 U.S.C. 3601 et seq.

RESPONSE:  Denied.

26. The Defendants conduct described above was intentional, willful, and taken in disregard of the rights of others.

RESPONSE:  Denied.

## VI.   CLAIMS FOR RELIEF

Violations of the Fair housing Act.

27. The allegations listed above are incorporated herein by reference.

RESPONSE:  Denied.

Defendants actions described above constitute:

    a. Discrimination in the sale or rental, or otherwise making or denying, a dwelling because of religion, in violation of the FHA, 42 U.S.C. 3601 et seq.

    b. Discrimination in the terms, conditions, or privileges of sale or rental of a swelling [sic], or in the provisions of services or facilities in connection with such swelling [sic] because of religion in violation of the FHA, 42 U.S.C. 3601 et. Seq.

RESPONSE:  Denied.

Defendant denies that Plaintiff is entitled to any of the relief sought in his final WHEREFORE paragraph/Prayer for Relief or otherwise.

WHEREFORE, Defendants respectfully request that Plaintiff take nothing by his Complaint, that the Court enter a judgment in favor of Defendants, that the Court award Defendants their costs including attorneys' fees, and all other just and proper relief.

## **AFFIRMATIVE DEFENSES**

1. Further answering Plaintiff's Complaint, Defendants deny each and every allegation which has not been specifically admitted.

2. Plaintiff's Complaint fails to state a claim on which relief can be granted.

3. Plaintiff's claims are barred by the statutes of limitations.

4. Plaintiff's claims are barred because he or others on his application were not qualified.

5. Plaintiff's alleged right to recovery is barred in whole or in part by his failure to mitigate any alleged damages.

6. Any actions taken or not taken with regard to Plaintiff were at all times in good faith and for legitimate business reasons and not for any discriminatory or illegal purpose, and

the same actions would have been taken or not taken based on legitimate, nondiscriminatory grounds regardless of any alleged protected status.

7. Plaintiff has failed to allege facts sufficient to give rise to a claim for punitive damages.

8. An award of punitive damages in this case deprives Defendants of property without due process of law in violation of Defendants' rights under federal and/or state constitutions, and the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof by an appropriate standard.

9. Defendants state that Plaintiff is not entitled to punitive damages in that, if Defendants have acted at all, they have acted at all times with good faith efforts to comply with all laws.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and release.

11. Plaintiff failed to exhaust administrative procedures and/or internal appeal options before filing his claim.

12. Individual defendants who are directors of limited liability entities are not liable for any action taken as a director, or any failure to take any action, and Plaintiff cannot establish any basis for director liability.

13. Defendant "Grandville Board of Directors" has no capacity to be sued separately from Grandville Cooperative, Inc. and Grandville Board of Directors and Grandville Cooperative, Inc. are one entity for purposes of this action.

14. Defendant reserves the right to amend its Answer and Affirmative Defenses

consistent with any case management order in this action and/or to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendants respectfully request that Plaintiff take nothing by his Complaint, that the Court enter a judgment in favor of Defendants, that the Court award Defendants their costs including attorneys' fees, and all other just and proper relief.

Respectfully submitted,

*/s/ Laurie E. Martin*
Laurie E. Martin (#26877-49)
Kristofer S. Wilson (#32805-19)
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 4400
P. O. Box 44989
Indianapolis, IN 46244-0989
Telephone: (317) 822-4400
Facsimile: (317) 822-0234
Email:  lmartin@hooverhullturnerturner.com
         kwilson@hooverhullturnerturner.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Court's Electronic Notification system, this 13th day of January, 2020.

*/s/ Laurie E. Martin*
Laurie E. Martin

1064240